

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXN
ATTORNEY GENERAL

Honorable James E Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No  0-4418
Re:  Authority of the Railroad Com-
mission to divide a specialized
motor carrier certificate and to
approve the sale of a portion
thereof under the described facts.

Permit us to quote your recent letter requesting an opinion from this department.  It reads:

"The Commission has your opinions Nos. 0-4246 and 0-4380 which hold that the Railroad Commission of Texas does not have authority to approve the division of a Specialized Motor Carrier Certificate where under the division each of the certificates would retain the right to transport household goods and used office furniture and equipment.

"You will note under the amended application filed by the applicant dated February 10, 1942, Paragraph 2, reads as follows:

"'It is desired and herein petitioned that said Certificate be divided into two (2) parts, one part authorizing the transportation of household goods and used furniture from Houston to all points in Texas and from all points in Texas to Houston.  The other part to authorize the transportation of all other commodities set forth in said Certificate save and except the right to transport household goods and used furniture.'

"Please give us your opinion in view of this amended application whether the Commission would have the authority to approve the division of a Specialized Motor Carrier Certificate where one part of the certificate after division would retain no authority to transport certain commodities authorized in the original certificate."

In opinion No. 0-4246 by this department, to which you refer, it was stated:

"In Opinion No. 0-1096 this department upheld the authority of the Railroad Commission to approve, under certain conditions the sale of a portion of a common carrier motor certificate of convenience and necessity under Section 5, Article 911b, Vernon's Annotated Civil Statutes. The question decided in this opinion was involved in the case of Houston and North Texas Motor Freight Lines, Inc., et al vs. W.A. Johnson, et al, decided by the Galveston Court of Civil Appeals on the 11th day of December, 1941. The court upheld the action of the Commission in approving the sale of a portion of such certificate under the conditions and facts presented.***"

The case referred to is at this time before the Supreme Court of Texas upon the granting of a Writ of Error on "Point One," which does not involve the question of the power of the Commission to approve the sale of a portion of a common carrier motor carrier certificate of convenience and necessity passed upon by the Court of Civil Appeals. Because of the similarity in the language of Section 5 of Article 911b, Vernon's Annotated Civil Statutes, involved in this case to that of Section 5a(a), as amended by Section 4 of House Bill 351, Acts of the 47th Legislature, pertaining to the sale of specialized motor carrier certificates, the decision in this case does, we believe, control the answer to the questions you have submitted. Under the holding of the Galveston Court you would, in our opinion, be authorized to divide a specialized motor carrier certificate in the manner set out in the amended application as described in your letter, and approve the sale of a portion thereof, if otherwise permissible under the provisions of Section 5a(a), which reads:

"Any certificate held, owned, or obtained by any motor carrier operating as a 'specialized motor carrier' under the provisions of this Act, may be sold, assigned, leased, transferred, or inherited; provided, however, that any proposed sale, lease, assignment, or transfer shall be first presented in writing to the Commission for its approval or disapproval, and the Commission may disapprove such proposed sale, assignment, lease, or transfer if it be found and determined by the Commission that such proposed sale, assignment, lease, or transfer is not in good faith or that the proposed purchaser, assignee, lessee, or transferee is not able or capable of continuing the operation of the equipment proposed to be sold, assigned, leased, or transferred in such manner as to render the services demanded by the public necessity and convenience in the territory covered by the certificate, or that said

proposed sale, assignment, lease, or transfer is not best for the public interest; the Commission, in approving or disapproving the sale, assignment, lease, or transfer of any certificate, may take into consideration all of the requirements and qualifications of a regular applicant required in this Act and apply same as necessary qualifications of any proposed purchaser, assignee, lessee, or transferee;***."

The Commission may therefore disapprove any sale of a specialized motor carrier certificate, or a portion thereof, unless it finds the following facts:    (1) That the proposed sale is made in good faith; (2) that the proposed purchaser is able to continue the operation of the equipment proposed to be sold in such manner as to meet the public convenience and necessity existent in the premises; (3) that the proposed sale is best for the public interest; and (4) that the purchaser possesses the requisite qualifications of a regular applicant.

The commission may, and should, accordingly inquire into the facts concerning the proposed sale and make the findings deemed by the Legislature to be of importance.  In this connection we call your attention to the declaration of policy contained in Section 1 of House Bill No. 351 wherein it is said of specialized motor carrier operations:

"* * * to regulate such carriers in the public interest to the end that the highways may be rendered safer for the use of the general public, that the wear of such highways may be reduced, that congestion of traffic on the highways may be minimized, and that the use of the highways may be restricted to the extent required by the necessity of the general public; provide regulation for all common carriers, without unjust discriminations, undue preferences or advantages, unfair or destructive competitive practices; improve the regulation of such motor carriers and other common carriers; preserve the common carrier serving the public in the transportation of commodities generally over regular routes; develop and preserve a complete transportation system properly adapted to the needs of the commerce of this State and of the National Defense Program".

The Railroad Commission obviously should not, by approving the sale of a specialized motor carrier certificate, or a portion thereof, authorize an operation which has been discontinued by the original owner of the certificate.  In this connection we call your attention to the language of Mr. Justice Critz of the Supreme Court in the case of Railroad Commission vs.

Texas & Pacific Railway Company, et al, 157 S. W. (2d) 622, decided November 19, 1941, wherein the court was considering House Bill No. 351:

"If we were to construe the act of 1941 as authorizing the issuance of new certificates based on old permits, regardless of whether or not such old permits were being operated under, a very grave question as to the constitutionality of the 1941 act would be presented, but, as already shown, we construe such act as only authorizing new certificates based on old permits where the old permits were being operated under on January 1, 1941. So construed, the act of 1941 amounts to a reasonable Legislative finding of convenience and necessity as applied to old permits which are authorized to be issued as a basis for new certificates.* * *"

In the instant application the proposal is made to divide the specialized motor carrier certificate as to that part authorizing the transportation of household goods and used office furniture from Houston to all points in Texas and from all points in Texas to Houston, and to sell such portion. If as a matter of fact the transportation of these particular commodities has been discontinued or abandoned by the holder of the original certificate, it would appear doubtful that the public convenience and necessity required such operation and that the sale or transfer thereof would be best for the public interest.

Consistent with these considerations, and upon the authority of the case of Houston and North Texas Motor Freight Lines, Inc., et al, vs. W. A. Johnson, et al, as it now stands you are respectfully advised that it is the opinion of this department that the Railroad Commission would be authorized to divide the specialized motor carrier certificate as described in your letter and to approve the sale of such portion thereof.

Yours very truly

APPROVED MAR 26, 1942                    ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT                   By
ATTORNEY GENERAL
                                      Zollie C. Steakley
                                           Assistant

ZCS:ej